**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS GALLO<br>4057 Silk Oak Lane<br>Minneola, FL 34715<br>Plaintiff, | : | CIVIL ACTION NO.: |
| v. | : | **JURY TRIAL DEMANDED** |
| TRINITY HEALTH MID-ATLANTIC MEDICAL GROUP<br>1500 Lansdowne Avenue<br>Darby, PA 19023<br>Defendant. | : | |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Thomas Gallo ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Trinity Health Mid-Atlantic Medical Group ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* with respect to discrimination on the basis of his disabilities and in retaliation for his requests for reasonable accommodations in connection thereto.

2. Plaintiff further brings this Complaint contending that Defendant retaliated against Plaintiff for exercising his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.

**PARTIES**

3. Plaintiff, Thomas Gallo, is a citizen of the United States and the State of Florida, and currently maintains a residence at 4057 Silk Oak Lane Minneola, FL 34715.

4. Upon information and belief, Defendant, Trinity Health Mid-Atlantic Medical Group, is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 1500 Lansdowne Avenue Darby, PA 19023.

**JURISDICTION AND VENUE**.

5. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

6. On or about July 8, 2026, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (c). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2026-08145. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7. By correspondence dated July 27, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized pursuant to Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

13. The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

**FACTUAL BACKGROUND**

14. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

15. Plaintiff began his employment with Defendant on or about April 1, 2024, in the position of Nurse Manager.

16. At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

17. By way of background, Plaintiff suffers from hypertension, which constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

18. Plaintiff's hypertension also constitutes a serious health condition within the meaning of the FMLA.

19. In or about December 2025, Plaintiff applied and was approved for intermittent leave under the FMLA in connection with his hypertension.

20. In doing so, Plaintiff requested a reasonable accommodation under the ADA and PHRA.

21. Plaintiff took leave under the FMLA from January 9, 2026, through February 9, 2026.

22. Upon Plaintiff's return to work on or about February 11, 2026, Defendant began engaging in a pattern of antagonism toward Plaintiff.

23. By way of example, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP") on or about February 17, 2026.

24. Prior to Plaintiff's FMLA leave, however, Defendant had never made Plaintiff aware of any alleged performance concerns, and Plaintiff had received positive annual employee reviews.

25. The PIP required Plaintiff to submit daily activity logs to his manager Amy Nauss.

26. On February 18, 2026, Plaintiff sent his daily log to Amy Nauss and asked her to clarify if it was the kind of report she was looking for.

27. Amy Nauss, however, never responded nor clarified her expectations.

28. Plaintiff's PIP was to be in place for thirty (30) days.

29. Less than two (2) weeks later, however, on or about February 24, 2026, Defendant placed Plaintiff on administrative leave.

30. Defendant then terminated Plaintiff's employment on or about February 27, 2026.

31. It is believed and therefore averred that Defendant discriminated against Plaintiff by unlawfully terminating his employment on the basis of his disabilities and in retaliation for his

requests for reasonable accommodations in connection with the same, in violation of the ADA and PHRA.

32. It is further believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for exercising and/or attempting to exercise his rights under the FMLA.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION & RETALIATION**

33. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

34. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

35. At all times relevant hereto, Defendant had at least fifteen (15) employees.

36. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as his hypertension substantially limits his ability to engage in one or more major life activities for an extended period of time.

37. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

38. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

39. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff because of his actual and/or perceived disabilities and because of his record of disability/impairment.

40. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for his request(s) for a reasonable accommodation in connection thereto.

41. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings, earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**DISCRIMINATION & RETALIATION**

42. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

43. Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

44. As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

45. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

46. Plaintiff requested a reasonable accommodation in connection with his disabilities.

47. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of his actual and/or perceived disabilities, his past record of impairment/disability, because it regarded him as being disabled within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for his disability.

48. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601, *et seq.***
**RETALIATION**

49. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

50. Defendant is a “covered employer” under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2026, 2025, and 2024.

51. Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for his serious health conditions.

52. Plaintiff provided adequate notice to Defendant of his need for leave under the FMLA by giving notice as soon as he became aware of the need and as soon as was practicable.

53. Defendant violated the FMLA by terminating Plaintiff in retaliation for exercising his rights under the FMLA.

54. The aforementioned actions of Defendant constitute retaliation violations of the FMLA.

55. As a result of Defendant’s actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2) Liquidated damages;

3) Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

4) Pre-judgment interest in an appropriate amount; and

5) Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ *Johannes Hoffman*

Johannes Hoffman, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: September 29, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.